CARMELA T. PAGAY (State Bar No. 195603)
ctp@lnbyb.com
LEVENE, NEALE, BENDER, YOO & BRILL L.L.P.
10250 Constellation Boulevard, Suite 1700
Los Angeles, California 90067
Telephone: (310) 229-1234
Facsimile: (310) 229-1244

Attorneys for Plaintiff
Timothy J. Yoo, Chapter 7 Trustee

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

### LOS ANGELES DIVISION

| | |
|---|---|
| In re<br><br>MARTHA A. PORTUGAL,<br><br>　　　　Debtor.<br>_____<br>TIMOTHY J. YOO, Chapter 7 Trustee,<br><br>　　　　Plaintiff,<br><br>v.<br><br>C.Y.M. TRADING CORPORATION, LEO F. PORTUGAL, and MARTHA A. PORTUGAL,<br><br>　　　　Defendants. | Case No. 2:15-bk-28266-RN<br><br>Chapter 7<br><br><br><br>Adv. No. 2:16-ap-_____-RN<br><br>**COMPLAINT FOR:**<br>(1)　**AVOIDANCE OF PREFERENTIAL TRANSFER;**<br>(2)　**AVOIDANCE OF FRAUDULENT TRANSFER;**<br>(3)　**RECOVERY OF AVOIDED TRANSFER;**<br>(4)　**DECLARATORY RELIEF;**<br>(5)　**SALE OF INTEREST OF CO-OWNER IN PROPERTY OF THE ESTATE; AND**<br>(6)　**TURNOVER OF PROPERTY**<br><br>[11 U.S.C. §§ 363, 542, 547, 548, and 550]<br><br>Date: [TO BE SET BY SUMMONS]<br>Time:<br>Place: Courtroom 1639<br>　　　Roybal Federal Building<br>　　　255 E. Temple Street<br>　　　Los Angeles, CA |

Plaintiff Timothy J. Yoo, Chapter 7 Trustee (the "Plaintiff" or "Trustee") for the bankruptcy estate of *In re Martha A. Portugal* avers and complains, by way of this Complaint, as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 151, 157, and 1334, and 11 U.S.C. §§ 363, 542, 547, 548, and 550 and Local Rules and Orders of the United States District Court for the Central District of California governing the reference and conduct of proceedings arising under or related to cases under Title 11 of the United States Code, including General Order No. 266, dated October 9, 1984.

2. This adversary proceeding is a core proceeding under 28 U.S.C. § 157(b)(2)(A), (E), (F), (H) and (O).

3. Venue is proper in this Court under 28 U.S.C. § 1409(a) as this adversary proceeding arises under and in connection with a case under Title 11 which is pending in this district.

## PARTIES

4. On November 30, 2015 (the "Petition Date"), Martha A. Portugal (the "Debtor") commenced this case by filing a Voluntary Petition under Chapter 7 of the Bankruptcy Code.

5. Thereafter, Plaintiff Timothy J. Yoo, being duly-qualified, was appointed and presently is the acting Chapter 7 Trustee of the Debtor's bankruptcy estate.

6. Plaintiff is informed and believes, and based thereon alleges that defendant C.Y.M. Trading Corporation ("CYM") is a corporation incorporated in the state of Texas and is subject to the jurisdiction of this Court.

7. Plaintiff is informed and believes, and based thereon alleges that defendant Leo F. Portugal ("Leo") is an individual residing in Pasadena, California and is subject to the jurisdiction of this Court. Leo is the husband of the Debtor.

## GENERAL ALLEGATIONS

8. Plaintiff is informed and believes, and based thereon alleges that on or about April 12, 1996, the Debtor and Leo acquired the real property located at 127 S. Greenwood Avenue, Pasadena, California 91107 (the "Property") via Grant Deed to "Leo Portugal and Martha Portugal, Husband and Wife as Joint Tenants," which was recorded as Inst. No. 96 589975 in the Los Angeles County Recorder's Office.

9. Plaintiff is informed and believes, and based thereon alleges that on or about November 18, 2015, the Debtor and Leo caused to be recorded in the Los Angeles County Recorder's Office as Inst. No. 20151447217 against the Property a Deed of Trust in favor of CYM, purporting to secure an indebtedness to CYM in the amount of $810,000 (the "Transfer"). A true and correct copy of the Deed of Trust is attached hereto as **Exhibit A.**

10. The Transfer was a transfer of an interest of the Debtor in the Property.

11. Plaintiff is informed and believes and based thereon alleges that the Debtor and Leo are currently in possession of the Property.

## FIRST CLAIM FOR RELIEF

**(To Avoid Preferential Transfer - 11 U.S.C. § 547(b) and 550(a))**

**(Against CYM)**

12. Plaintiff realleges and incorporates herein by this reference the foregoing paragraphs 1 through 11 of this Complaint as if set forth in full herein.

13. Plaintiff is informed and believes, and based thereon alleges, that the Transfer was a transfer of an interest of the Debtor in property.

14. Plaintiff is informed and believes, and based thereon alleges, that the Transfer was made to CYM for the benefit of CYM, which was a creditor of the Debtor at the time of the Transfer.

15. Plaintiff is informed and believes, and based thereon alleges, that Transfer was made for or on account of an antecedent debt owed by the Debtor to CYM.

16. Plaintiff is informed and believes, and based thereon alleges, that the Transfer was made while the Debtor was insolvent.

17. The Transfer was made within ninety (90) days of the Petition Date.

18. Plaintiff is informed and believes, and based thereon alleges, that the Transfer enabled CYM to receive more than it would have received if:

    (a) the case was a case under chapter 7 of Title 11;

    (b) the Transfer had not been made; and

    (c) CYM received payment of the debt to the extent provided under Title 11 of the United States Code.

19. Accordingly, the Transfer may be avoided pursuant to 11 U.S.C. § 547(b).

## SECOND CLAIM FOR RELIEF

### (To Avoid Fraudulent Transfer - 11 U.S.C. § 548(a)(1)(A) and 550(a))

### (Against CYM)

20. Plaintiff realleges and incorporates herein by this reference the foregoing paragraphs 1 through 19 of this Complaint as if set forth in full herein.

21. Plaintiff is informed and believes, and based thereon alleges that the Transfer was made within two years before the Petition Date.

22. Plaintiff is informed and believes, and based thereon alleges that the Transfer was made by the Debtor with the actual intent to hinder, delay or defraud any entity to which the Debtor was or became, on or after the date that the Transfer was made, indebted.

23. Plaintiff is informed and believes and based thereon alleges that the following factors with respect to the Transfer show the fraudulent intent of the Debtor:

    a. The Debtor retained possession of the Property after the Transfer.

    b. The Debtor had been sued before the Transfer was made.

    c. The Debtor had transferred other assets of value.

///

        d.    The Debtor did not receive reasonably equivalent value from CYM in exchange for the Transfer.

        e.    The Debtor was insolvent or became insolvent shortly after the Transfer in that the sum of the Debtor's debts exceeded all of the Debtor's nonexempt assets.

24.    The Transfer constitutes a fraudulent transfer under 11 U.S.C. § 548 and therefore is avoidable by Plaintiff.

### THIRD CLAIM FOR RELIEF

### (To Avoid Fraudulent Transfer - 11 U.S.C. § 548(a)(1)(B) and 550(a))

### (Against CYM)

25.    Plaintiff realleges and incorporates herein by this reference the foregoing paragraphs 1 through 24 of this Complaint as if set forth in full herein.

26.    Plaintiff is informed and believes, and based thereon alleges that the Debtor received less than reasonably equivalent value in exchange for the Transfer as the Debtor did not receive the sum of $810,000 from CYM.

27.    Plaintiff is informed and believes, and based thereon alleges that by virtue of the Transfer, the Debtor was insolvent or became insolvent as a result of such transfer in that the sum of the Debtor's debts exceeded all of the Debtor's nonexempt assets.

28.    Plaintiff is informed and believes, and based thereon alleges that by virtue of the Transfer, the Debtor was engaged in or was about to engage in a business or a transaction for which any property remaining with the Debtor was an unreasonably small capital.

29.    Plaintiff is informed and believes, and based thereon alleges that by virtue of the Transfer, the Debtor intended to incur, or believed that the Debtor would incur, debts that would be beyond the Debtor's ability to pay as such debts matured.

30.    Plaintiff is informed and believes, and based thereon alleges that by virtue of the Transfer, the Debtor made such transfer to or for the benefit of an insider, or incurred such

///

obligation to or for the benefit of an insider, under an employment contract and not in the ordinary course of business.

31.    The Transfer constitutes a fraudulent transfer under 11 U.S.C. § 548 and therefore is avoidable by Plaintiff.

## FOURTH CLAIM FOR RELIEF

### (To Recover Avoided Transfer - 11 U.S.C. § 550)

### (Against CYM)

32.    Plaintiff realleges and incorporates herein by reference the foregoing paragraphs 1 through 31 of this Complaint as if set forth in full herein.

33.    Plaintiff is informed and believes, and based thereon alleges that CYM was the initial transferee of the Transfer.

34.    Upon avoidance of the Transfer, Plaintiff is entitled to recover from CYM the property transferred or the value of the property transferred, with interest thereon at the maximum legal rate from the date of the Transfer, for the benefit of the Debtor's estate pursuant to 11 U.S.C. § 550.

## FIFTH CLAIM FOR RELIEF

### (For Declaratory Relief)

### (Against Leo)

35.    Plaintiff incorporates herein by reference the foregoing paragraphs 1 through 34 of this Complaint as though fully set forth herein.

36.    Plaintiff is informed and believes, and based thereon alleges that prior to the Petition Date, the Debtor and Leo acquired the Property while they were married.

37.    Plaintiff is informed and believes, and based thereon alleges that the Property is the community property of the Debtor and Leo.

38.    Plaintiff is informed and believes, and based thereon alleges that Leo denies that the Property is the community property of the Debtor and Leo.

39. An actual controversy has arisen and now exists between Plaintiff on the one hand, and Leo on the other hand, as to whether the Property should be deemed property of the Debtor's bankruptcy estate.

40. A judicial determination is necessary and appropriate at this time to determine the extent of the Plaintiff's interest in the Property pursuant to 11 U.S.C. § 541(a).

## SIXTH CLAIM FOR RELIEF

### (To Sell Interest of Co-Owner – 11 U.S.C. § 363(h))

### (Against Leo)

41. Plaintiff incorporates herein by reference the foregoing paragraphs 1 through 40 of this Complaint as if set forth in full herein.

42. In the event the Property is not determined to be the community property of the Debtor and Leo, Plaintiff desires to sell both the estate's interest in the Property together with the remaining interest in the Property of Leo.

43. Plaintiff is informed and believes and based thereon alleges that partition in kind of the Property between the estate and Leo is impracticable.

44. Plaintiff is informed and believes and based thereon alleges that the sale of the estate's undivided interest in the Property would realize significantly less for the estate than the sale of the Property free of the interest of Leo.

45. Plaintiff is informed and believes and based upon such information and belief alleges that the benefit to the estate of a sale of the Property free of the interest of Leo outweighs the detriment, if any, to Leo.

46. Plaintiff is informed and believes and based upon such information and belief alleges that the Property is not used in the production, transmission, or distribution, for sale, of electric energy or of natural or synthetic gas for heat, light, or power.

///

///

## SEVENTH CLAIM FOR RELIEF

### (For Turnover of Property – 11 U.S.C. § 542(a))

### (Against Leo and Debtor)

47. Plaintiff realleges each and every allegation contained in paragraphs 1 through 46 of this Complaint as if set forth fully herein.

48. To the extent Plaintiff is successful in avoiding the Transfer, the Property is not of inconsequential value or benefit to the estate.

49. Plaintiff is informed and believes and based upon such information and belief alleges that Leo and the Debtor are in possession of the Property.

50. The Property should be turned over to the Trustee pursuant to 11 U.S.C. § 542 so the Property can be marketed and sold for the benefit of the Debtor's creditors.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff prays for judgment against Defendants as follows:

1. For a judgment against CYM avoiding the Transfer and recovering the Transfer or its value for the benefit of the Debtor's bankruptcy estate;

2. For a judgment against Leo that the Property is the community property of the Debtor and Leo;

3. In the event the Property is not determined to be the community property of the Debtor and Leo, for a judgment against Leo permitting Plaintiff to sell the interest of the bankruptcy estate and the interest of Leo in the Property pursuant to 11 U.S.C. § 363(h); and

4. For a judgment compelling Leo and the Debtor to turn over the Property to the Trustee pursuant to 11 U.S.C. § 542;

5. For costs of suit herein;

///

///

///

6. For reasonable attorney's fees and costs; and

7. For such other and further relief, which this Court deems just and appropriate.

DATED: February 2, 2016

LEVENE, NEALE, BENDER, YOO & BRILL L.L.P.

By: /s/ Carmela T. Pagay
CARMELA T. PAGAY
Attorneys for Plaintiff
Timothy J. Yoo, Chapter 7 Trustee

# Exhibit A



**This page is part of your document - DO NOT DISCARD**



## 20151447217



Pages:
0006

Recorded/Filed in Official Records
Recorder's Office, Los Angeles County,
California

**11/18/15 AT 08:00AM**

| | |
|---|---|
| FEES: | 55.00 |
| TAXES: | 0.00 |
| OTHER: | 0.00 |
| PAID: | 55.00 |



LEADSHEET



201511180110011

00011389439



007229857

SEQ:
08

DAR - Title Company (Hard Copy)



**THIS FORM IS NOT TO BE DUPLICATED**    R26

RECORDING REQUESTED BY:

The Document Center
Glendale, CA

WHEN RECORDED MAIL TO:

C.Y.M. Trading Corporation
2200 NW Loop 410
San Antonio, TX 78230

11/13/2015

*20151447217*

Escrow #: 12392 D
Title Order #:
APN #: 5747-020-024

# Deed of Trust

This Deed of Trust, made this 1st day of November, 2015, between **Leo Francis Portugal and Martha Alicia Portugal, as Trustees of The L & M Portugal 2008 Family Trust**, herein called TRUSTOR, whose address is 127 So. Greenwood Ave., Pasadena, Ca. 91107, **Fidelity Title Insurance Co.** herein called TRUSTEE, and **C.Y.M. Trading Corporation, a Texas corporation**, herein called BENEFICIARY.

**Witnesseth:** That Trustor IRREVOCABLY GRANTS, TRANSFERS AND ASSIGNS to TRUSTEE IN TRUST, WITH POWER OF SALE, that property in Los Angeles County, California, described as:

Lot 28 of Nevin Place as per Map recorded in Book 12, Page 48 of Maps, in the office of the county recorder of Los Angeles County, California

Commonly known as: 127 So. Greenwood Ave., Pasadena, CA 91107,

THE NOTE SECURED BY THIS DEED OF TRUST CONTAINS AN ACCELERATION CLAUSE.

TOGETHER WITH the rents, issues and profits thereof, subject, however, to the right, power and authority hereinafter given to and conferred upon Beneficiary to collect and apply such rents, issues and profits.

For the Purpose of Securing:

1. Performance of each agreement of Trustor herein contained. 2. Payment of the indebtedness evidenced by one promissory note or even date herewith, and any extension or renewal thereof, in the principal sum of $ 810,000.00 executed by Trustor in favor of Beneficiary or order. 3. Payment of such further sums as the then record owner of such property hereafter may borrow from Beneficiary, when evidenced by another note (or notes) reciting it is so secured.

To Protect the Security of This Deed of Trust, Trustor Agrees:

(1) To keep said property in good condition and repair; not to remove or demolish any building thereon; to complete or restore promptly and in good and workmanlike manner any building which may be constructed, damaged or destroyed thereon and to pay when due all claims for labor performed and materials furnished therefor; to comply with all laws affecting said property or requiring any alterations or improvements to be made thereon; not to commit or permit waste thereof; not to commit, suffer or permit any act upon said property in violation of law; to cultivate, irrigate, fertilize, fumigate, prune and do all other acts which from the character or use of said property may be reasonably necessary, the specific enumerations herein not excluding the general.

3

(2) To provide, maintain and deliver to Beneficiary fire insurance satisfactory to and with loss payable to Beneficiary. The amount collected under any fire or other insurance policy may be applied by Beneficiary upon any indebtedness secured hereby and in such order as Beneficiary may determine, or at option of Beneficiary the entire amount so collected or any part thereof may be released to Trustor. Such application or release shall not cure or waive any default or notice of default hereunder or invalidate any act done pursuant to such notice.

(3) To appear in and defend any action or proceeding purporting to affect the security hereof or the rights or powers of Beneficiary or Trustee; and to pay all costs and expenses, including cost of evidence of title and attorney's fees in a reasonable sum, in any such action or proceeding in which Beneficiary or Trustee may appear, and in any suit brought by Beneficiary to foreclose this Deed.

(4) To pay: at least ten days before delinquency all taxes and assessments affecting said property, including assessments on appurtenant water stock; when due, all encumbrances, charges and liens, with interest, on said property or any part thereof, which appear to be prior or superior hereto; all costs, fees and expenses of this Trust.

Should Trustor fail to make any payment or to do any act as herein provided, then Beneficiary or Trustee, but without obligation so to do and without notice to or demand upon Trustor and without releasing Trustor from any obligation hereof, may: make or do the same in such manner and to such extent as either may deem necessary to protect the security hereof, Beneficiary or Trustee being authorized to enter upon said property for such purposes; appear in and defend any action or proceeding purporting to affect the security hereof or the rights or powers of Beneficiary or Trustee; pay, purchase, contest or compromise any encumbrance, charge or lien which in the judgment of either appears to be prior or superior hereto; and, in exercising any such powers, pay necessary expenses, employ counsel and pay his reasonable fees.

(5) To pay immediately and without demand all sums so expended by Beneficiary or Trustee, with interest from date of expenditure at the amount allowed by law in effect at the date hereof, and to pay for any statement provided for by law in effect at the date hereof regarding the obligation secured hereby any amount demanded by the Beneficiary not to exceed the maximum allowed by law at the time when said statement is demanded.

(6) That any award of damages in connection with any condemnation for public use of or injury to said property or any part thereof is hereby assigned and shall be paid to Beneficiary who may apply or release such moneys received by him in the same manner and with the same effect as above provided for disposition of proceeds of fire or other insurance.

(7) That by accepting payment of any sum secured hereby after its due date, Beneficiary does not waive his right either to require prompt payment when due to all other sums so secured or to declare default for failure so to pay.

(8) That at any time or from time to time, without liability therefore and without notice, upon written request of Beneficiary and presentation of this Deed and said note for endorsement, and without affecting the personal liability of any person for payment of the indebtedness secured hereby, Trustee may: reconvey any part of said property; consent to the making of any map or plat thereof; join in granting any easement thereon; or join in any extension agreement or any agreement subordinating the lien or charge hereof.

(9) That upon written request of Beneficiary stating that all sums secured hereby have been paid, and upon surrender of this Deed and said note to 'Trustee for cancellation and retention and upon payment of its fees, Trustee shall reconvey, without warranty, the property then held hereunder. The recitals in such reconveyance of any matters or facts shall be conclusive proof of the truthfulness thereof. The grantee in such reconveyance may be described as "the person or persons legally entitled thereto."

(10) That as additional security, Trustor hereby gives to and confers upon Beneficiary the right, power and authority, during the continuance of these Trusts, to collect the rents, issues and profits of said property, reserving unto Trustor the right, prior to any default by Trustor in payment of any indebtedness secured hereby or in performance of any agreement hereunder, to collect and retain such rents, issues and profits as they become due and payable. Upon any such default, Beneficiary may at any time without notice, either in person, by agent, or by a receiver to be appointed by a court, and without regard to the adequacy of any security for the indebtedness hereby secured, enter upon and take possession of said property or any part thereof, in his own name sue for or otherwise collect such rents, issues and profits, including those past due and unpaid, and apply the same, less costs and expenses of operation and collection, including reasonable attorney's fees, upon any indebtedness secured hereby,

and in such order as Beneficiary may determine, The entering upon and taking possession of said property, the collection of such rents, issues and profits and the application thereof as aforesaid, shall not cure or waive any default or notice of default hereunder or invalidate any act done pursuant to such notice.

(11) That upon default by Trustor in payment of any Indebtedness secured hereby or in performance of any agreement hereunder, Beneficiary may declare all sums secured hereby immediately due and payable by delivery to Trustee of written declaration of default and demand for sale and of written notice of default and of election to cause to be sold said property, which notice Trustee shall cause to be filed for record. Beneficiary also shall deposit with Trustee this Deed, said note and all documents evidencing expenditures secured hereby.

After the lapse of such time as may then be required by law following the recordation of said notice of default, and notice of sale having been given as then required by law, Trustee, without demand on Trustor, shall sell said property at the time and place fixed by it in said notice of sale, either as a whole or in separate parcels, and in such order as it may determine, at public auction to the highest bidder for cash in lawful money of the United States, payable at time of sale. Trustee may postpone sale of all or any portion of said property by public announcement at such time and place of sale, and from time to time thereafter may postpone such sale by public announcement at the time fixed by the preceding postponement. Trustee shall deliver to such purchaser its deed conveying the property so sold, but without any covenant or warranty, express or implied. The recitals in such deed of any matters or facts shall be conclusive proof of the truthfulness thereof. Any person, including Trustor, Trustee, or Beneficiary as hereinafter defined, may purchase at such sale.

After deducting all costs, fees and expenses of Trustee and of his Trust, including cost of evidence of title in connection with sale, Trustee shall apply the proceeds of sale to payment of: all sums expended under the terms hereof, not then repaid, with accrued interest at the amount allowed by law in effect at the date hereof; all other sums then secured hereby; and the remainder, if any, to the person or persons legally entitled thereto.

(12) Beneficiary, or any successor in ownership of any indebtedness secured hereby, may from time to time, by instrument in writing, substitute a successor or successors to any Trustee named herein or acting hereunder, which instrument, executed by the Beneficiary and duly acknowledged and recorded in the office of the recorder of the county or counties where said property is situated, shall be conclusive proof of proper substitution of such successor Trustee or Trustees, who shall, without conveyance from the Trustee predecessor, succeed to all its title, estate, rights, powers and duties. Said instrument must contain the name of the original Trustor, Trustee and Beneficiary hereunder, the book and page where this Deed is recorded and the name and address of the new Trustee.

(13) That this Deed applies to, insures to the benefit of, and binds all parties hereto, their heirs, legatees, devisees, administrators, executors, successors and assigns. The term Beneficiary shall mean the owner and holder, including pledgees, of the note secured hereby, whether or not named as Beneficiary herein, In this Deed, whenever the context so requires, the masculine gender includes the feminine and for neuter, and the singular number includes the plural.

(14) That Trustee accepts this Trust when this Deed, duly executed and acknowledged, is made a public record as provided by law, Trustee is not obligated to notify any party hereto of pending sale under any other Deed of Trust or of any action or proceeding in which Trustor, Beneficiary or Trustee shall be a party unless brought by Trustee. The undersigned Trustor requests that a copy of any Notice of Default and of any Notice of Sale hereunder be mailed to him at his address hereinbefore set forth.

THE L & M PORTUGAL 2008 FAMILY TRUST

By: _____  By: _____
Leo Francis Portugal, Trustee     Martha Alicia Portugal, Trustee

5

## CERTIFICATE OF ACKNOWLEDGEMENT OF NOTARY PUBLIC

A notary public or other completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

STATE OF **CALIFORNIA**
COUNTY OF **LOS ANGELES**

On _November 15, 2015_ before me, _Michael Hyun Park_, a Notary Public, personally appeared
**Leo Francis Portugal, Martha Alicia Portugal,**
who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

Signature _____

MICHAEL HYUN PARK
NOTARY PUBLIC · CALIFORNIA
SANTA CLARA COUNTY
COMMISSION # 2115993
MY COMM. EXPIRES JUNE 18, 2019

6

ESCROW #: 12392 D

# REQUEST FOR FULL RECONVEYANCE

To: _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ , Trustee

The undersigned is the legal owner and holder of the Note or Notes for the total original sum of $ _____ and all other indebtedness secured by Deed of Trust dated _____ , executed by:

_____ , as Trustor,

to _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ , as Trustee, and recorded as Instrument No. _____ on _____
in Book _____ , at Page _____ , of Official Records, in the office of the County Recorder of _____ County, in the State of _____ .

Said Note or Notes, together with all other indebtedness secured by said Deed of Trust, have been fully paid and satisfied; and you are hereby requested and directed, upon payment to you of any sums owing to you under the terms of said Deed of Trust, to cancel said Note or Notes above mentioned, and all other evidences of indebtedness secured by said Deed of Trust delivered to you herewith, together with the said Deed of Trust, and to reconvey, without warranty, to the parties designated by the terms of said Deed of Trust, all the estate now held by you under the same.

_____
Beneficiary

Mail Reconveyance to: _____